JOHN M. JACKSON, plaintiff in error, vs. JAMES A. PAXSON, adm'r, defendant in error.

Two parties agree that one of them should furnish the materials and the other should make two buggies, and one of the parties should fix the price and then either might sell; the death of one of the parties does not affect the power of the other to sell the buggies.

Trover and new trial, from Whitfield county.    Decided by Judge Trippe, October term, 1857.

This was action of trover brought by James A. Paxson, as administrator of William A. Monday, deceased, against John M. Jackson, to recover two buggies.    It was claimed that the buggies belonged to Monday at the time of his death.    The defendant purchased them from Bloodsworth.    Evidence was produced at the trial, by the defendant, that there was a contract between Monday and Bloodsworth to the effect that Monday was to furnish the material and Bloodsworth was to make the buggies, and when finished, Bloodsworth was to fix the price of the buggies and either of the parties was to sell them and the proceeds were to be divided equally between them.    That Jackson furnished the iron to iron off the buggies, and that he purchased them from Bloodsworth—the amount due to him for the iron being deducted out of the price.

It was proved on the part of the plaintiff that the buggies

were in the workshop of Monday at the time of his death, and that they were removed by Bloodsworth.

The Court charged the jury that if they should find from the testimony that the contract between Monday and Bloodsworth was, that Monday was to furnish the materials and Bloodsworth make the buggies, and that Bloodsworth was to have one-half of what the buggies sold for as pay for his labor, that this would not make them partners, and in that event, they must find for the plaintiff; that to constitute them partners, the contract must have been to share the profits and loss of the business. And if they should find from the testimony that the contract was to share the profits and loss of the undertaking, this would constitute them partners, and this would authorize Bloodsworth to sell the buggies, and in this state of facts, if they should believe Jackson purchased the buggies from Bloodsworth the jury must find for the defendant.

The jury found for the plaintiff, and the defendant moved for a new trial on the following grounds:

1st. Because said verdict is contrary to law.

2d. Because said verdict is contrary to evidence, and strongly and decidedly against the weight of evidence.

3d. Because the Court erred in the charge to the jury, (above set out.)

This motion for a new trial was overruled by the Court, and the defendant filed his bill of exceptions, assigning as error the charge of the Court to the jury, and the refusal to grant a new trial.

WALKER appeared for the plaintiff in error.

JONES & MOORE for the defendant in errror.

*By the Court.*—McDONALD, J. delivering the opinion.

We think that the presiding Judge in the Court below err-

ed in charging the jury, that, if they should find from the testimony, that, by the contract between Monday and Bloodsworth, Monday was to furnish the materials, and Bloodsworth was to make the buggies, and that Bloodsworth was to have one-half of what the buggies sold for as pay for his labor, this would not make them partners, *and in that event they must find for the plaintiff.*

The Court ought to have charged the jury that if the contract was as testified to by Cox, and they should find that Monday and Bloodsworth were part owners of the buggies, and that, by special agreement, Bloodsworth had a right to put a price on the buggies, when they were done, and either party might then sell them, in that case, the sale made by Bloodsworth was good, and the verdict should be for the defendant. *Collier on partnership*, §1217.

If Bloodsworth had an interest in the buggies, and had power to sell by special agreement, the death of Monday could not affect his authority to sell.

Judgment reversed.